859 F.2d 151
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dillon Ray JOHNSON, Defendant-Appellant.
 No. 88-5535.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 16, 1988.
Decided Sept. 12, 1988.
 
 John C. Calhoun, for appellant.
 Joseph Sedwick Sollers, III, Office of U.S. Attorney, for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Dillon Johnson appeals his sentence for firearms offenses, claiming that his sentence is unfairly disparate in comparison to his equally culpable codefendant. We find that Johnson's claim is wholly meritless and affirm.
 
 
 2
 Johnson and Lonnie Edwards participated in a scheme to steal firearms in Pennsylvania for resale in Maryland.* Edwards came to an agreement with the government in which the government agreed to recommend a 12-year prison sentence in exchange for a plea of guilty to three related charges and a promise to cooperate. Based on Edwards' testimony, the grand jury returned a nine count indictment against Johnson. Pursuant to his agreement, Edwards was sentenced to 12 years in prison, to run concurrently with the 12-year state sentence he was serving.
 
 
 3
 Johnson then entered into a plea agreement with the government. He agreed to enter a plea of guilty to three counts and leave sentencing within the discretion of the district court. Johnson was informed that he faced up to 15 years in prison and a $750,000 fine. The district court imposed a sentence of 12 years in prison.
 
 
 4
 Johnson complains on appeal that his sentence is significantly more severe than Edwards' sentence, even though they were equally culpable. Johnson bases his argument on the fact that because Edwards was already serving a 12-year state sentence, his concurrent 12-year federal sentence amounts to a "de facto nullity." Thus, the argument follows, Edwards received, in effect, no sentence and Johnson received a severe sentence of imprisonment.
 
 
 5
 We reject Johnson's argument. We note that (1) Johnson was informed of the possible sentence he could receive, (2) the sentence imposed was well within the limits of the plea and the statutes, (3) Johnson's criminal history was more significant than Edwards' criminal history, and (4) Edwards earned consideration by testifying for the government. We think these factors justify the sentence imposed. We find no abuse of the wide discretion granted the district court in sentencing. United States v. Schocket, 753 F.2d 336, 341 (4th Cir.1985).
 
 
 6
 AFFIRMED.
 
 
 
 *
 Sixteen guns were stolen. Some of the guns were sold to individuals and 7 guns were sold to the president of a motorcycle gang. Only some of the guns were recovered